UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAWNNEKA WATKINS, | |
| Plaintiff, | 20-CV-10878 (LTS) |
| -against- | |
| AHRC; THE CITY AND STATE; NYCHA'S RENT, | ORDER OF DISMISSAL |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this pro se action alleging that her rights have been violated. By order dated April 2, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

### A.     The Complaint

Plaintiff's complaint does not include a caption and does not name defendants.[1] The

complaint instead takes the form of a letter to the Court that begins:

> I would like this case opened in your Court, so that all issues can get resolved! Its
> time now! It is not my fault that this case was handed down from judge to judge,
> court to court! I've been trying very hard over the past 10 yrs to do that, but how
> can I do that when judges are overlooking, allowing, and accepting the City and
> State to keep victimizing and violating me!

(ECF 1, at 1.)

Plaintiff identifies several "issues" that she would like the Court to address so that she

"can get on with [her] life[.]" (*Id.*) She describes those "issues" as the following:

> Issue #1[:] AHRC[2] needs to be held accountable for everything that has gone on!
> That company is the ones who stated this whole situation! They have a very bad
> hab[]it of paying judges to keep them out of court!

> Issue #2 – The City and State along with AHRC violated me when the State
> accepted a letter from NYC Law Dept. telling the State that it lacks the authority
> to hold evidentiary hearings!

> Issue #3 NYCHA's rent – The rent is that way US Court #1 main reason 26
> Federal Plaza's[3] Hearing Decision! The thirsty corrupt people that work on this
> property was instructed to come in here while I was out on 11/5/14 to come in
> here illegally to search and steal 26 Federal Plaza's hearing notice with the date
> for the hearing! So the next day I went to my doctor at the time, reported it and
> we called 26 Federal Plaza for a replacement letter, cause I couldn't get in the
> building without it! How we got over to 26 Federal Plaza in the first place, well
> after I ran around putting complaints in about what was going on I started getting
> fed up! So after I ran around crazy trying to get help I said OK let me take it to 26
> Federal Plaza and let's see what they said! Not ony FBI agent ever spoke to me
> about my facts or the things I was accusing the City and State of doing! NYCHA

---

[1] It is the Court's understanding that the Clerk of Court listed those parties named as
defendants on the docket because a defendant is required to open a civil action.

[2] AHRC New York City is a non-profit organization that provides services to people with
intellectual and developmental disabilities in New York City. Plaintiff previously worked for
AHRC.

[3] It appears that "26 Federal Plaza" is a reference to the offices of the Social Security
Administration.

has been stealing from me since 2014, these politicians have been making them
feel very comfortable, those who've been stealing from is still working on this
property, but being kept by the man[agement] office!

(*Id.* at 2-3.)

The last issue Plaintiff asks the Court to address is her "income." She writes:

3386 Fulton Street SSA office is where I did the application process for my
disability. But 26 Federal Plaza snatched my case from them! So for them, and
their Supervisor, Ms. Glenn, to illegally hand over my income to Vera Institutes
Guardianship Program was wrong! I haven't seen my income since May 2019. Of
course, I reported it immed[iately] Court what they did was they accepted
fraudulent documents from the State, illegally changed my payee, illegally
changed my address to Vera Institute P.O. Box! Vera Institute are not my legal
guardians, and 2286 Fulton know it and so does Vera Institute 320 Jay Street!
They just thought #1 because of this mental illness, I was just going to get along
and get down with this bullshit! Since when the State over[r]ides the federal Gov!
That's Quomo [sic] using everybody to lick and suck out his ass, I'm not! After
the Court reviews everything, all evidence I need a decision, about my damages, I
need that rent erased so I can moved out of NY – and I need to become my own
payee!

(*Id.* at 4.)

The remainder of the 95-page complaint consists of various documents including copies
of news articles, emails, and submissions and orders in previous state and federal proceedings
involving Plaintiff. Most of the documents contain handwritten commentary from Plaintiff and
are interspersed with letters or notes that Plaintiff appears to have written to the Court.[4]

Among the documents Plaintiff attaches to the complaint is a May 26, 2011 decision
from the New York City Commission on Human Rights dismissing Plaintiff's claim that her
former employer AHRC discriminated against her based on her prior conviction record. (*See id.*
at 33-38.) Plaintiff sought review of the Commission's decision in the New York State Supreme

---

[4] For example, one "letter" reads, "Now US District Court. See the unemployment
Decision, take a look at the decision from the Commission on Human Rights dated 5/26/11, That
corrupt Commissioner at the time dismissed my case based on the same Lie AHRC told the
unemployment office!" (*Id.* at 30.)

Court, Kings County, and by order dated June 26, 2013, Justice Carl J. Landicino denied

Plaintiff's request for relief. (*See id.* at 49.)

Plaintiff also attached documents indicating that she owes over $30,000 in back rent to

NYCHA. (*Id.* at 65.) She writes,

> US Court[:] This rent is not my fault. NYCHA decided that they was gonna keep
> the rent going because they were reported for stealing from me! Time the last
> payment which was 4/2015[.] The rent is this was cause NYCHA thought I was
> stupid and incompetent like their employees! I would like NYCHA to explain to
> the court their version!

(*Id.* at 64.)

Other documents show that by notice dated February 20, 2015, an Administrative Law

Judge with the Social Security Administration determined that Plaintiff was eligible for SSI

payments. (*See id.* at 54-62.) Plaintiff also appears to allege that following a state-court

determination that Plaintiff was incompetent, her doctor (or former doctor) helped arrange for the

Vera Institute's Guardianship Project to receive Plaintiff's SSI benefits and to serve as guardian

with regard to Plaintiff's financial affairs. (*See id.* at 68-69.)

Finally, Plaintiff attaches a February 7, 2019 order from Justice Lisa S. Ottley of the New

York State Supreme Court, Kings County, which references a November 3, 2017 order

appointing a guardian to manage Plaintiff's property, and expands the guardian's powers to

include the authority to, *inter alia*, "marshal all assets and income," pay bills, and enter into

contracts. (*Id.* at 82-84.) Plaintiff also attaches an undated "Order Appointing Guardian," which

is signed by Justice Ottley and describes the scope of the guardianship.[5] (*See id.* at 85-94.)

---

[5] Although the order is undated, it directs that the Guardian to appear for a "compliance
conference" on February 5, 2018, indicating the order was signed prior to that date. (*Id.* at 94.)

**B.     Plaintiff's Prior Action in the Eastern District of New York**

On December 21, 2016, Plaintiff filed an action in the United States District Court for the Eastern District of New York raising many of the same claims she raises here regarding the 2010 termination of her employment at AHRC and Plaintiff's subsequent employment discrimination claims. *See Watkins v. City of New York*, No. 16-CV-7083 (WFK) (RML) (E.D.N.Y. June 20, 2018) ("*Watkins I*").[6] By order dated February 2, 2017, Judge William F. Kuntz noted that Plaintiff's complaint indicated that on December 6, 2016, she was appointed a guardian *ad litem* by New York City Housing Court Judge Daniele Chinea. *Watkins I*, ECF 6. Judge Kuntz held that because Plaintiff had been adjudicated incompetent by the state court, under *Berrios v. New York City Housing Authority*, 564 F.3d 130, 134 (2d Cir. 2009), the district court could not reach the merits of Plaintiff's claim.[7] *Watkins I*, ECF 6.

Plaintiff appealed, and by Mandate dated October 19, 2017, the United States Court of Appeals for the Second Circuit vacated the district court's judgment on the grounds that the court failed to determine whether a guardian had in fact been appointed for Plaintiff and, if so, whether the guardian would be authorized to represent Plaintiff's interest in the matter. The Second Circuit remanded the action for a determination of whether appointment of a guardian *ad litem* is necessary under Fed. R. Civ. P. 17(c). *See Watkins I*, ECF 11.

On remand, the district court ordered service on the City of New York, and at a January 20, 2018 competency hearing, the court found that Plaintiff was competent within the meaning of Fed. R. Civ. P. 17(c). *Watkins I*, Dkt. entry for Jan. 20, 2018. On June 12, 2018, the district

---

[6] Many of the documents Plaintiff attaches to the complaint in this action were also filed in the Eastern District action. *See Watkins*, No. 16-CV-7083, ECF 1.

[7] Judge Kuntz's order also granted Plaintiff's guardian *ad litem* 30 days leave to file suit on Plaintiff's behalf. When the guardian did not respond after 30 days, the court dismissed the action without prejudice. *Watkins I*, ECF 7.

court granted the City's motion to dismiss without comment. *Id.*, Dkt. entry for June 12, 2018.
Plaintiff appealed, and by Mandate dated July 30, 2019, the Second Circuit affirmed the
dismissal, holding that the district court lacked subject-matter jurisdiction under the *Rooker-*
*Feldman* doctrine, and that even if the court had jurisdiction, Plaintiff's claims under § 1983
were untimely. *See id.*, ECF 34, at 13.

## DISCUSSION

### A.     **Plaintiff's claims are frivolous**

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d
at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on
which she can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

First, the complaint does not comply with even the most minimal of pleading
requirements. Plaintiff does not caption the complaint, and nowhere in the document does she
identify who she is suing. Nor does she provide any indication of the legal basis of her claims or
why this Court has jurisdiction. Plaintiff's allegations largely consist of conclusory assertions,
commentary on prior courts' and agencies' decisions, and ad hominem attacks that provide little
insight into the factual or legal basis of her claims.

Second, from what the Court is able to discern, Plaintiff appears to be seeking to
relitigate claims that have already been adjudicated. For example, she states that her claims have
been "handed down from judge to judge, court to court," and asks this Court to reverse prior
state-court judgments against her and in favor of AHRC, NYCHA, and the City and State. (ECF
1, at 2-3.) Plaintiff has already unsuccessfully attempted to relitigate these claims in the action
she brought in Eastern District of New York. The Second Circuit affirmed that district court's
dismissal of Plaintiff's claims, holding that the *Rooker-Feldman* doctrine bars Plaintiff from

bringing these claims in federal court.[8] *See Watkins v. City of New York*, No. 18-2084-cv (2d Cir. May 28, 2019). Plaintiff is undoubtedly aware that she may not relitigate these claims as she attaches a copy of the Second Circuit's order to the complaint. Her attempt to relitigate these issues here is therefore frivolous because it lacks a credible basis in law or fact.

Finally, Plaintiff's suggestion that numerous judges, politicians, and municipal, state, and federal agencies and employees are conspiring against her or are being paid to deny her claims strains credulity, and the Court "[has] no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011).

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has inherent power to dismiss without leave to amend or replead in "where … the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011); *see also Shapiro v. McManus*, 136 S. Ct. 450, 455-56 (2015) (holding that federal-question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous.

---

[8] The Second Circuit also affirmed the district court's judgment on the grounds that even if the court had subject matter jurisdiction, Plaintiff's claims accrued, at the latest, in June 2013, and were therefore time-barred. *Id.*

**B.      Plaintiff's compentency**

Under Federal Rule of Civil Procedure 17(c)(2), a person who is adjudicated incompetent and who does not have a duly appointed representative may only sue by a next friend or guardian *ad litem*. Courts are generally prohibited from "mak[ing] a merits determination of claims filed on behalf of a minor or incompetent person who is not properly represented." *Berrios*, 564 F.3d at 134. It appears from Plaintiff's filings that she previously has been appointed a guardian by the New York State Courts, but that in January 2018, Judge Kuntz of the Eastern District of New York held a competency hearing and determined that Plaintiff was competent to proceed with her claims in federal court. Because the Court dismisses Plaintiff's claims as frivolous and without prejudice, the Court need not address the issue of Plaintiff's competency at this time. *See Denton v. Hernandez*, 504 U.S. 25, 34 (1992) (dismissal of an IFP complaint on ground of frivolousness is not a dismissal on the merits).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    April 19, 2021
          New York, New York

                                  /s/ Laura Taylor Swain
                                     LAURA TAYLOR SWAIN
                              Chief United States District Judge